THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRAFX GROUP, INC., | CASE NO. C17-0025-JCC |
| Plaintiff, | ORDER |
| v. | |
| GEORGE VAN DER REIT, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 27) and Defendant's motion to strike Plaintiff's expert witnesses (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained herein.

## I. BACKGROUND

Plaintiff was the owner of gfx.com (Domain Name) for over twenty years. (Dkt. No. 31 at 2.) As of July 2016 the Domain Name was maintained by GoDaddy.com LLC (GoDaddy), a domain name registrar. (*Id.*) In early July 2016 the Domain Name was transferred from Plaintiff and GoDaddy to a new registrar allegedly by theft or fraud. (*Id.*) It is unknown who performed the initial transfer. (*See id.* at 2.) However, around that time, Saad Uddin (Uddin) purchased the Domain Name for $500.00 in Bitcoin from a source who called himself "Adam." (Dkt. No. 27 at

3.) Plaintiff contacted Uddin shortly after Uddin gained control of the Domain Name. (Dkt. No. 31 at 3.) Plaintiff notified Uddin that the Domain Name was stolen and unsuccessfully tried to negotiate for its return. (*Id.*) Unbeknownst to Plaintiff, in October 2016 Uddin sold the Domain Name to Defendant for $30,000. (Dkt. No. 27 at 4.)

In January 2017, Plaintiff filed this suit and attempted to serve Uddin via email addresses associated with the Domain Name. (Dkt. No. 31 at 3.) Defendant responded to the email and explained that he had purchased the Domain Name from Uddin. (*Id.*) Again, Plaintiff unsuccessfully attempted to secure the return of the Domain Name; this time from Defendant. (*Id.*) Consequently, in March 2017, Plaintiff filed an amended complaint updating the defendant to reflect the current Domain Name holder. (Dkt. No. 13.)

Defendant now brings this motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 27.) Defendant argues that it appears to a legal certainty that the amount in controversy is well below $75,000 and as such this Court should dismiss. (*Id.* at 1–2.) Defendant offers three arguments to support his motion: (1) Defendant only paid $30,000 for the Domain Name, (2) independent offers to purchase the Domain Name ranged from $15,000–$32,000, and (3) sales of comparable domain names over the past year were lower than $75,000. (Dkt. No. 27 at 12–13.)

Plaintiff provided its own evidence, including: (1) three expert opinions that the value of the Domain Name is above $75,000,[1] (2) an estimate of the value of the Domain Name from a domain name registrar, (3) listings and sales of comparable domain names that were higher than $75,000, and (4) Defendant's own attempts to sell the Domain Name for $100,000 to $500,000. (Dkt. No. 31 at 4–6.)

In response to Plaintiff's arguments, Defendant made a motion to strike Plaintiff's expert reports as unsworn hearsay evidence. (Dkt. No. 32 at 2.)

//

---

[1] As discussed below, the Court did not consider the expert reports.

## II. DISCUSSION

### A. Legal Standard

Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). On a factual challenge to this Court's subject matter jurisdiction, the Court is not limited to the face of the pleadings, but may review any evidence concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Because federal courts are of limited jurisdiction, this Court is presumed to lack subject matter jurisdiction and the burden of establishing jurisdiction falls on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Once the moving party factually attacks a District Court's subject matter jurisdiction, the non-moving party must put forward "evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal jurisdiction is proper under 28 U.S.C. § 1332(a) where all parties are diverse and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1322(a). The amount in controversy claimed by a plaintiff in his or her complaint will satisfy the jurisdictional requirement if it is made in good faith. *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). "To justify dismissal, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Legal certainty is established: "1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (internal citations omitted).

When a defendant challenges the amount in controversy pleaded by a plaintiff, the plaintiff must support the alleged amount in controversy with "competent proof." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "Competent proof can come in

the form of facts alleged in the complaint with sufficient particularity, or it can come in the form of affidavits that demonstrate that it is possible for the plaintiff to recover more than the jurisdictional minimum." *Fin. Inst. Prod. Corp. v. LOS Glob. Sys., LLC*, 2016 WL 4479577, at *3 (D. Ariz. Aug. 25, 2016).

In this case it is undisputed there is no contract or law limiting possible recovery. Therefore, the Court must decide whether or not "independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Pachinger*, 802 F.2d at 364.

**B.  Motion to Strike**

As an initial matter, the Court addresses Defendant's motion to strike Plaintiff's expert reports. (Dkt. No. 32 at 2–6.) Defendant asks this Court to strike the reports of Andrew Rosner, James Booth, and Tessa Holcomb as unsworn hearsay evidence and in violation of Federal Rule of Evidence 702. (*Id.*) However, because the Court does not rely on these reports in reaching its decision, it is unnecessary to address the merits of Defendant's motion to strike. Accordingly, Defendant's motion to strike Plaintiff's expert reports (Dkt. No. 32) is DENIED AS MOOT.

**C.  Plaintiff's Proof**

1. Online Valuation

Plaintiff used a domain name registrar to estimate the value of the Domain Name for its complaint ($100,000). (Dkt. No. 8-7 at 5.) Defendant argues Plaintiff's use of an online valuation is unpersuasive because these sites are unreliable. (Dkt. No. 32 at 11.) To support this argument Defendant supplied additional online valuations with estimated values lower than $75,000. (Dkt. No. 33 at 5–19.) However, Plaintiff need only provide proof that it is "*possible* to recover more than the jurisdictional minimum." *Fin. Inst. Prod. Corp.*, 2016 WL 4479577, at *3 (emphasis added). Ultimately, Defendant's use of conflicting online valuations does not support the conclusion that Plaintiff used the valuation merely to obtain federal jurisdiction. At best, Defendant illustrates that the value of the Domain Name may be arbitrary.

//

### 2. Comparable Domain Names

Plaintiff next offers proof of listings and sales of comparable domain names for more than $75,000. (Dkt. No. 31 at 12; Dkt. No. 31-6 at 3.) Defendant argues that the domain names Plaintiff references are not similar enough to the Domain Name to be valid benchmarks. (Dkt. No. 32 at 10–11.) Defendant asserts that the domain name sales he cites are more analogous. (*Id.*) In support of his argument, Defendant relies on his own belief that the presence of the letter "x" lowers the value of a three letter domain name. (Dkt. No. 28 at 4.) Therefore, he argues, the Domain Name's value should only be compared to domains with an "x" present. (Dkt. No. 27 at 12–13.) However, Plaintiff provided domains with an "x" that sold for amounts over $75,000. (Dkt. No. 31 at 12; Dkt. No. 31-6 at 3.) In total, Plaintiff cited 15 three-letter domain names sold for, or listed for sale at, over $75,000. (*Id.*) Even though Defendant maintains the addresses are not comparable, the evidence provided by Plaintiff is sufficient to indicate the value of this Domain Name is possibly greater than $75,000.

### 3. Defendant's Attempts to Sell the Domain Name

Finally, Plaintiff points out that Defendant's arguments related to his purchase price and other offers are severely undercut by his own attempts to sell the Domain Name for $100,000; $200,000; and $500,000. (Dkt. No. 31 at 10–11.) The Court agrees. Although Defendant describes these offers as "aggressive negotiating," Defendant's announcement that he "would not look at anything under 100k" is in stark contrast to his argument that it is a legal certainty that the Domain Name is worth less than $75,000. (Dkt. No. 27 at 5; Dkt. No. 28 at 19.)

Relatedly, Defendant asserts independent offers to buy the Domain Name are evidence of its value. (Dkt. No. 32 at 6.) The offers cited by Defendant ranged from $15,000–$32,000. (*Id.*) However, as Defendant noted, some of these offers were part of negotiations. (Dkt. No. 27 at 5.) Just as Defendant argues his selling quotes were inflated, it is to be expected that buying offers would be lower than the true value of a product. The Court declines to speculate on the exact value of the Domain Name, but notes there is wide range between the buying and selling offers,

many of which are over $75,000. (*See* Dkt. No. 28 at 19–24.) While this does not prove that the Domain Name's value is over $75,000, it also does not establish to a legal certainty that the value is less than $75,000.01.

## III. CONCLUSION

Plaintiff provided competent proof sufficient to establish that the amount in controversy possibly exceeds $75,000, and that it did not claim the amount in controversy merely to obtain federal jurisdiction. For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 27) and motion to strike Plaintiff's expert witnesses (Dkt. No. 32) are DENIED.

DATED this 18th day of August, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE